Filed 5/23/22  In re A.M. CA2/5
(see dissenting opinion)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re A.M, a Person Coming Under the Juvenile Court Law. | B317806<br><br>(Los Angeles County Super. Ct. No. 18CCJP01034A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>S.H.,<br><br>　　　　Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Martha A. Matthews, Judge.  Conditionally affirmed and remanded, with directions.

Emery El Habiby, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, Sally Son, Deputy County Counsel for Plaintiff and Respondent.

—————————————————

S.H. (mother) appeals from the January 7, 2022 order terminating parental rights to her minor child, A.M. (minor), pursuant to section 366.26.[1]  Counsel for mother, minor, and the Los Angeles County Department of Children and Family Services (the Department) have filed a joint application and stipulation seeking a conditional affirmance and remand with directions to the Department and the juvenile court to ensure compliance with the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.).

Finding that the requirements of Code of Civil Procedure section 128, subdivision (a)(8), are satisfied, we accept the stipulation, conditionally affirm the order terminating parental rights, and remand to the juvenile court to permit the parties to comply with the terms of their stipulation and to determine ICWA compliance.

*The Department Agrees with Mother's Contention on Appeal*

Mother's sole argument on appeal is that the Department did not comply with its inquiry duties under ICWA and related California statutes.  The record reflects that the Department investigated mother's assertion that her family had a connection to the Cherokee tribe, sent ICWA notices to the Cherokee tribes and the Bureau of Indian Affairs, and did not receive any

_____

[1] Further statutory references are to the Welfare and Institutions Code unless stated otherwise.

2

responses indicating minor was an Indian child.  L.M. (father) denied any Indian ancestry, but the Department agrees that it failed to interview paternal extended family members about possible Indian ancestry.  At the July 10, 2018 jurisdiction and disposition hearing, the juvenile court found there was no reason to know minor was an Indian child.  The court terminated parental rights over minor at a section 366.26 hearing on January 7, 2022, and mother appealed.

*The Parties' Stipulation Meets Statutory Requirements*

Before reversing or vacating a judgment based upon a stipulation of the parties, an appellate court must find "both of the following:  [¶]  (A) There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal.  [¶]  (B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement."  (Code Civ. Proc., § 128, subd. (a)(8).)

Here, the parties have stipulated to a conditional affirmance and remand that will place the parties in the same position they would be in if mother's appeal was prosecuted to successful completion.  The parties jointly request remand of the action to the juvenile court with directions to the court to order the Department to inquire of available paternal extended family members about any Indian ancestry, report the efforts and interview results to the court, and if necessary, provide notice to any identified tribes and the Bureau of Indian Affairs in accordance with ICWA.  The parties further request that on

3

remand, the juvenile court be directed to then make ICWA findings at a noticed hearing with counsel for the parents reappointed. If the court finds ICWA is not applicable, the order terminating parental rights shall remain the order of the court. If the court determines minor is an Indian child, it shall proceed in compliance with ICWA. Finally, the parties ask this court to direct that remittitur issue forthwith.

We conclude that a conditional affirmance based upon the above stipulation meets the requirements of section 128, subdivision (a)(8). First, we find "no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal." (Code Civ. Proc., § 128, subd. (a)(8)(A).) The two groups of nonparties who could potentially be adversely affected by a stipulated reversal are prospective adoptive parents and Indian tribes. There is no reasonable possibility that the interests of either group will be adversely affected, because the stipulated reversal serves to expedite the Department's compliance with its statutory obligations under ICWA. (See, e.g., *In re Rashad H.* (2000) 78 Cal.App.4th 376, 381 (*Rashad H.*); cf. *In re B.D.* (2019) 35 Cal.App.5th 803, 820 [denying request for stipulated reversal where agency acknowledged failure to alert court and parties to problems in minor's prospective adoptive home].)

Second, the parties' reasons for requesting a limited reversal with directions outweigh any erosion of public trust that may result from the reversal, as well as the risk of reducing any incentive for pretrial settlement. The reason the parties are requesting reversal is to ensure compliance with ICWA. The requested reversal therefore enhances public trust, rather than eroding it. In terms of the risk of reducing incentives for pretrial

4

settlement, "[t]here is no evidence that settlement is an option in connection with the Welfare and Institutions Code section 366.26 issues which will be addressed upon issuance of the remittitur. Moreover, the parties are in agreement that the case will be reversed anyway; so there is no risk that a stipulated reversal will reduce the incentive for settlement prior to the Welfare and Institutions Code section 366.26 hearing." (*Rashad H., supra*, 78 Cal.App.4th at p. 381.)

## DISPOSITION

The order terminating parental rights under Welfare and Institutions Code section 366.26 is conditionally affirmed. The matter is remanded for the sole purpose of compliance with the inquiry and notice provisions of the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.) and related state statutes (Welf. & Inst. Code, § 224.1 et seq.). The trial court is directed to reappoint counsel for the parents, and order the Department to inquire of available paternal extended family members about any Indian ancestry, report the efforts and interview results to the court, and if necessary, provide notice to any identified tribes and the Bureau of Indian Affairs in accordance with ICWA. After receiving the Department's report, the juvenile court is directed to then make ICWA findings at a noticed hearing. If the court finds ICWA is not applicable, the order terminating parental rights shall remain the order of the court. If the court determines minor is an Indian child, it shall proceed in compliance with ICWA. The remittitur shall issue forthwith.


MOOR, J.


I concur:



KIM, J.


6

In re A.M.
B317806


BAKER, Acting P. J., Dissenting



Substantial evidence supports the juvenile court's Indian Child Welfare Act (ICWA)-related findings.  (*In re H.V.* (2022) 75 Cal.App.5th 433, 441 (dis. opn. of Baker, J.); see also *In re J.S.* (2021) 62 Cal.App.5th 678, 688 [applying substantial evidence standard of review].)  I would accordingly reject the parties' stipulation because this court cannot properly make the findings required by Code of Civil Procedure section 128, subdivision (a)(8).  (*In re Rashad H.* (2000) 78 Cal.App.4th 376, 380 ["[T]here could be an adverse effect on the adoptive parents' rights if there were a stipulated reversal of a Welfare and Institutions Code section 366.26 parental termination rights order.  A stipulated reversal could further delay the conclusion of the adoption process"].)  That is particularly true in light of the majority's indeterminate dispositional instructions, which are predicated on poorly drafted California statutes and do not foreclose the possibility of yet another appeal on ICWA grounds after the remand the majority now orders.


BAKER, Acting P. J.